PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE B. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

WRITER'S DIRECT DIAL NUMBER
(212) 373-3405

WRITER'S DIRECT FACSIMILE
(212) 492-0405

WRITER'S DIRECT E-MAIL ADDRESS
DBernick@paulweiss.com

July 20, 2017

**VIA ECF**

Hon. Matthew F. Kennelly
United States District Court
Northern District of Illinois
United States Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Re: *In re Testosterone Replacement Therapy Products Liability Litigation*, Case No. 1:14-cv-01748
This document pertains to: *Mitchell v. AbbVie, Inc.*, No. 1:14-cv-09178

Dear Judge Kennelly:

We write to inform the Court of AbbVie's objections to the Court's proposed final jury instructions and verdict form circulated July 19th.

Verdict Form

First, as it stands, the draft verdict form confuses the burden of proof because it requires the jury to check a box "for plaintiff" or "for defendants" as to each claim. As such, the draft verdict form implies that AbbVie has an equal burden of proof as the Plaintiff in order for the jury to find "for" AbbVie as to any claim. However, an essential element of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

this case is that Plaintiff has the burden of proof as to each and every claim; AbbVie does not have to prove anything. As a result, as is common in MDL trials such as this one, the jury must be given special interrogatories where they are asked to answer "yes" or "no" as to which, if any, specific elements Plaintiff has proven "by a preponderance" (or "greater weight") of the evidence.

Second, the importance of jury comprehension cannot be understated. It is undeniably crucial for the jury to fully understand all of the issues in this complex case and to fully appreciate each step they must agree upon before reaching a decision as to each claim. In order to facilitate such a decision, the jury must be presented with step-by-step questions to guide them in their deliberations. A mere "for plaintiff" or "for defendants" answer for each claim inaccurately oversimplifies—indeed, effectively *eliminates*—the legal elements Plaintiff must prove in the case, creates a high likelihood of jury confusion, may not accurately reflect the jury's true decision(s), and could constitute reversible error.

Indeed, the Seventh Circuit is clear: "A judgment entered upon an answer to a question which inaccurately frames the issue to be resolved by the jury must be reversed." *Umpleby v. Potter & Brumfield, Inc.*, 69 F.3d 209, 214 (7th Cir. 1995) (reversible error where verdict form "did not accurately and correctly present the key issue to the jury" where a "yes" answer to just one question meant liability for defendant); *see also Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 827 (7th Cir. 2010) (reversing and remanding where verdict form was "ambiguous" because it had one single line for a total damage amount for two plaintiffs); *U.S. Fire Ins. Co. v. Pressed Steel Tank Co.*, 852 F.2d 313, 318 (7th Cir. 1988) (in insurer's action seeking declaratory judgment that it had not received proper notice of insured's claim, district court abused discretion where it refused to submit to jury a special verdict question asking jury whether insured had breached contract by failing to provide notice to insurer at date subsequent to date on which insurer allegedly received notice: "[b]y refusing to submit this question to the jury, the court eliminated a material issue from the case").

Finally, in MDL bellwether trials, verdict forms with jury interrogatories that clearly lay out the legal elements of the claims and the jury's decision as to each, provide additional insight for the parties and the Court regarding the validity of certain claims and cross-cutting issues as the litigation proceeds.

To help inform the Court's perspective on the draft verdict form, we attach as Exhibit A a compilation of verdict forms from other MDL trials involving prescription medications. AbbVie's proposed verdict form is contained at the end of Exhibit B, which is discussed below.

Final Jury Instructions

Attached as Exhibit B is AbbVie's proposed redline of, and objections to, the Court's proposed final jury instructions and verdict form.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

First, AbbVie objects to the strict-liability instruction for including proposed "consumer expectation" language, in light of the circumstances and facts of this case (i.e., that AndroGel was a prescription drug). The proposed instruction also does not make clear that ORS 30.920(1) requires proof of physical harm "caused by" the allegedly defective condition (i.e., the allegedly inadequate warning).

Second, AbbVie objects to the negligence instruction because it omits that AbbVie does not owe a duty to warn Mr. Mitchell directly. *McEwen v. Ortho Pharm. Corp.*, 528 P.2d 522, 529 (Or. 1974).

Third, AbbVie objects to the fraudulent misrepresentation instruction because the use of "and/or" suggests to the jury that Mr. Mitchell could prevail on his fraud claim without proving reliance by both Mr. Mitchell, who used AndroGel, and Dr. Canzler, without whom Mr. Mitchell could not have obtained AndroGel.

Fourth, AbbVie objects to the last sentence of the causation instruction because it comes from the "substantial factor" pattern instruction, which does not apply here. The phrase also unduly emphasizes that AndroGel and AbbVie's conduct need be "a cause," which could lead to juror confusion and the suggestion of a lesser evidentiary burden.

Finally, AbbVie renews its objection to the application of Illinois punitive-damage law to this case filed by an Oregon resident who used AndroGel and allegedly had an injury in Oregon. There is a "strong presumption" that substantive law of Oregon, as the place of injury, controls Mr. Mitchell's claims and his request for punitive damages. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893 (Ill. 2007). Under Oregon law, Mr. Mitchell is not entitled to punitive damages in this case because AndroGel was at all times FDA-approved. ORS 30.927(1)(a)-(b).

Respectfully submitted,

*/s/ David M. Bernick*

David Bernick


cc: Troy Rafferty
     David Buchanan
     Bill Robins