IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE MITCHELL, )<br>)<br>   Plaintiff, )<br>)<br> vs. )<br>)<br>ABBVIE INC. and )<br>ABBOTT LABORATORIES, )<br>)<br>   Defendants. ) | Case No. 14 C 9178 |

**ORDER REGARDING JURY INSTRUCTION CONFERENCE**

  The purpose of this order is to briefly summarize the Court's rulings on various open issues regarding the jury instructions.

  1. Defendants' submission included an objection to the following sentence in the instruction describing the elements of plaintiff's strict liability claim:

> A product is "unreasonably dangerous" when it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases the product with the ordinary knowledge common to the community regarding the product's characteristics.

The Court overrules this objection based primarily on the authority of *Griffith v. Blatt*, 334 Or. 456, 51 P.3d 1256 (2002). Defendants' contention about the adequacy of warnings to plaintiff's treating physician is, however, a relevant point for argument regarding the issue of causation. *See Canady v. Ortho-McNeil Pharm., Inc.*, No. 3:11-C-40011, 2014 WL 4930675, at *3 (N.D. Oh. Oct. 1, 2014) (applying Oregon law).

  2. The Court reaffirms its approval of the "concealment" language added to the instruction describing the elements of plaintiff's fraudulent misrepresentation claim,

which is taken from Oregon Uniform Civil Jury Instruction 42.05. Plaintiff's complaint sufficiently alleges, Oregon law supports, and the evidence is sufficient to support giving an instruction on, the type of active concealment contemplated by the language in Instruction 42.05. And contrary to defendants' suggestion, the instruction does not create a basis for liability based on simple nondisclosure.

      3. The Court has determined not to add further language to the instructions regarding the conduct of the jury's deliberations, because the point is sufficiently covered by the instructions on numbered pages 23 and 26.

      4. The Court is sending the final version of the instructions to counsel under separate cover. If either side sees any typographical, formatting, or scrivener's errors in the instructions, the Court would appreciate being advised of this via e-mail by 9:00 p.m., as the instructions will be duplicated for the jury before the trial resumes at 9:15 a.m. tomorrow.

Date: March 21, 2018

                                                                                       _____
                                                                                       MATTHEW F. KENNELLY
                                                                                       United States District Judge