**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 <br> Master Docket Case No. 1:14-cv-01748 <br> Honorable Matthew F. Kennelly |
| This document applies to: <br> *Mitchell v. AbbVie*, Case No. 1:14-cv-09178 | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

**I.     INTRODUCTION**

Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1, Plaintiff Jesse Mitchell respectfully submits this memorandum, together with the accompanying Declaration of Troy A. Rafferty, Esq. ("Rafferty Decl."), in support of Plaintiff's Bill of Costs, submitted herewith. As stated in the Rafferty Declaration, these costs are correct and were necessarily incurred in this action and the services for which the fees have been charged were actually and necessarily performed.

On March 26, 2018, the Court entered judgment in favor of Plaintiff on Plaintiff's negligence claim. (Dkt. No. 184.). Plaintiff was awarded $200,000 in compensatory damages and $3,000,000 in punitive damages. *Id.* As the prevailing party, Plaintiff is entitled to recover costs from Defendants. *See Weeks v. Samsung Heavy Indus. Co., Ltd*., 126 F.3d 926, 945 (7th Cir. 1997).

**II.    LEGAL STANDARD**

Under Rule 54(d)(1), a prevailing party should be granted costs, unless a federal statute, the Federal Rules of Civil Procedure or a court order provide otherwise. Among the costs the Court may tax are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically

1

recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case...." 28 U.S.C. § 1920. The Seventh Circuit recognizes "a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

### III. DISCUSSION

As set forth in the accompanying Bill of Costs and discussed in more detail below, Plaintiff seeks (1) $400 for the filing fee of the complaint; (2) $85,074.32 for depositions and trial transcripts (composed of $50,392.27 for depositions and $34,682.05 for trial transcripts); (3) $2,360.00 for witness fees; (4) $12,957.04 for copying costs of trial exhibits; and (5) $1,145.36 for the cost of two demonstrative exhibits, for a total amount of $101,936.72. *See* Ex. A to Rafferty Decl. (Summary of Costs).

### A. Fees of the Clerk - 28 U.S.C. § 1920(1)

Plaintiff seeks recovery of the filing fee of the complaint, in the amount of $400. A copy of the receipt for the filing fee is attached as Exhibit B to the Rafferty Declaration. Plaintiff is not seeking amounts incurred in serving the complaint, deposition subpoenas or trial subpoenas.

### B. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - 28 U.S.C. § 1920(2)

(1) Deposition Transcripts

Plaintiff seeks $50,392.27 for costs associated with original deposition transcripts, copies of deposition transcripts and deposition video costs. See Ex. A to Rafferty Decl.

(a) *Original Deposition Transcripts*

2

The costs of deposition transcripts are recoverable if the depositions were "reasonably necessary." *Cengr v. Fusibond Piping Systems, Inc*., 135 F.3d 445, 455 (7th Cir. 1998). Plaintiff seeks costs related to deposition transcripts of 14 witnesses that testified at trial, as these transcripts were all reasonably necessary to prepare for direct and cross examinations. As set out in the Rafferty Declaration, Plaintiff seeks costs for the following deposition transcripts:

1. James Hynd;
2. Michael Miller;
3. Linda Scarazzini;
4. Steven Wojtanowski;
5. William French;
6. Mohit Khera;[1]
7. William White;
8. Hossein Ardehali;
9. David Kessler;
10. Peggy Pence;
11. Gordon Canzler;
12. Ronald Chelsky
13. Nickolas Juliano; and
14. Jesse Mitchell

Copies of the invoices for these depositions are attached as Exhibit C to the Rafferty Declaration.

---

[1] Plaintiff seeks recovery of costs for two depositions of Dr. French and Dr. Khera because both of these witnesses were deposed a second time to address supplemental general opinions, which were relevant to the testimony provided by these witnesses in Plaintiff's case.

While there were other depositions that were reasonably necessary for this case, Plaintiff recognizes that, for example, the deposition transcripts used for opposing AbbVie's summary judgment motions were used in a context involving multiple bellwether plaintiffs in this MDL.

Local Rule 54.1(b) limits deposition transcript costs to the then-prevailing rate that the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed. *See* N.D. Ill. L.R. 54.1(b). During the time discovery was taken in this case, that amount was $3.65 per page for the original transcript. *See id.*; *See also* N.D. Ill. General Order 12-0003 (January 26, 2012).

Additionally, court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court. *See* L.R. 54.1. Court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See Piotrowski v. Menard, Inc.*, No. 13 C 5572, 2016 WL 7157353, at *2 n.1 (N.D. Ill. Dec. 8, 2016). The attendance fee by the court reporter engaged by Plaintiff was $95 per day, which falls below the Court's limit.

However, Plaintiff seeks higher as-billed amounts for seven depositions arranged by Defendants. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged"). Specifically, of the depositions that AbbVie noticed, Plaintiff seeks full cost of the deposition for seven witnesses, composed of three of his experts (Drs. Ardehali, Kessler, and Pence), his prescribing doctor (Dr. Canzler), his treating doctors (Drs. Juliano and Chelsky), and his own deposition.

With respect to Plaintiff's depositions of Defendants' experts and employees, no recovery is sought beyond that permitted by N.D. Ill. L.R. 54.1. Plaintiff is not seeking recovery for extra deposition expenses such as Realtime, exhibit scanning, rough drafts, or shipping and handling.

(b) *Deposition Transcript Copies*

Plaintiff seeks costs for copies of deposition transcripts for two expert witnesses, Drs. French and Kessler and Plaintiff's treating physician Dr. Ronald Chelsky. These copies are permitted by N.D. Ill. L.R. 54.1, which provides that "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel...." N.D. Ill. L.R. 54.1.

(c) *Video Costs*

None of the expert depositions were videotaped, and Plaintiff only seeks video costs for the deposition of one witness, James Hynd, who was the only video deposition played by Plaintiff at trial. See *Mitchell II* Trial Tr. at 696:16-20; Ex. A to Rafferty Decl.

(2) Trial Transcripts

Plaintiff seeks $34,682.05 for 13 days of trial transcripts, including the Realtime feed and daily delivery, which were necessary for the prosecution of this complex bellwether trial. *See* Ex. D to Rafferty Declaration. Such costs are properly recoverable. *See* N.D. Ill. L.R. 54.1.

C. **Fees and disbursements for printing and witnesses - 28 U.S.C. § 1920(3)**

Plaintiff seeks an attendance fee for witnesses that he called live and were not employees of the Defendants. Specifically, Plaintiff seeks costs for per diem lodging (at $130 per day) and subsistence (at $74 per day) in the amount of $2,360.00 for Drs. Ardehali, Kessler, and Pence for those days on which trial testimony was actually given or when testifying at a deposition. The attendance fee has been calculated at $40.00 per day, pursuant to 28 U.S.C. § 1821(b). *See* Ex. A

to Rafferty Decl. Plaintiff also seeks per diem subsistence costs for lodging, meals and incidentals these witnesses, pursuant to 28 U.S.C. § 1821(c)(4), (d). *See* Rafferty Decl. at ¶¶ 10-14. These amounts were calculated for witnesses who live too far to be expected to travel, on a daily basis, to and from their residence while in attendance at the deposition or trial, using the per diem allowance prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a), for official travel in the area of attendance by employees of the Federal Government. *See* Rafferty Decl. at ¶¶ 10-14; *See also* Ex. E. to Rafferty Decl.

### D. Fees for exemplification and copies of papers necessarily obtained for use in the case - 28 U.S.C. § 1920(4)

Plaintiff seeks $12,957.04 for the cost of creating copies of trial exhibits for the *Mitchell* trial. Plaintiff made four copies of all exhibits on Plaintiff's "will use" list, other exhibits anticipated to be used at trial, and copies of transcripts (deposition and trial) and expert reports reasonably anticipated to be used during trial. One copy was for counsel's use at trial with a witness, a second copy was for opposing counsel, the third copy was for the witness, and the final copy was for the jury in the event required during deliberations. *See* Rafferty Decl. ¶¶16-17; *See also* Ex. F to Rafferty Decl. The scope of copy costs for trial exhibits is less than that sought by AbbVie following the trial of the *Nolte* case, which the Court ultimately awarded to AbbVie in that case. *See Nolte* Dkt. Nos. 125 and 129.

Plaintiff also seeks costs in the amount of $1,145.36 incurred for the creation of the two demonstrative posters utilized throughout the trial. *See* Ex. G to Rafferty Decl. These posters consisted of a blank timeline and a poster outlining the sales of AndroGel over time. These posters were reasonably necessary to document relevant events pertaining to AndroGel that occurred over the lifecycle of the drug and to succinctly demonstrate the profit motivation

6

surrounding the company's improper marketing of AndroGel, its failure to warn of significant risks, and its refusal to conduct proper testing of the drug.

**IV.     CONCLUSION**

For the foregoing reasons, this Court should tax Defendants with the costs enumerated in Plaintiff's Bill of Costs.

April 25, 2018                                              Respectfully submitted,

*/s/ Trent B. Miracle*
Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel on behalf of Plaintiffs' Steering Committee*

Troy A. Rafferty
Brandon L. Bogle
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Ste. 600
Pensacola, Florida 32502

Phone: (850) 435-7043
Fax: (850) 435-7020
Email: trafferty@levinlaw.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire, Suite 450
Santa Monica, California
Tel: (310) 929-4200
Fax: (310) 566-5900
Email: robins@robinscloud.com

David J. Diamond
GOLDBERG & OSBORNE
33 North Stone, Suite 900
Tucson, Arizona 85701
Tel: (520) 620-3975
Email: ddiamond@goldbergandosborne.com

*Counsel for Plaintiff Jessie Mitchell*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Brendan A. Smith*
Brendan A. Smith