**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | **CASE NO. 1:14-CV-01748** <br> **MDL 2545** <br><br> **JUDGE MATTHEW F. KENNELLY** <br><br> **This Document Relates to:** <br><br> *Mitchell* v. *AbbVie*, <br> Case No. 1:14-cv-09178 |

**DEFENDANTS' MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF'S BILL OF COSTS**

Plaintiff cannot recover a substantial portion of the costs that he seeks. Specifically, the Court should deny the majority of Plaintiff's requested deposition costs for company employees and general expert witnesses because the parties deposed these witnesses in connection with all of the bellwether cases, not only Plaintiff's. Allowing Plaintiff to recover the full requested deposition costs for these witnesses would grant him a windfall, both by awarding him costs for cases in which Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie") have prevailed or may ultimately prevail, and by assigning him costs incurred on behalf of other bellwether plaintiffs. The Court should also deny the deposition costs and witness fees that Plaintiff seeks for his marketing expert, Dr. Kessler, because Plaintiff did not prevail on the fraudulent misrepresentation claim for which Dr. Kessler testified. Overall, the Court should deny $38,816.58 of Plaintiff's total requested costs.[1]

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF THE PORTION OF DEPOSITION COSTS PROPERLY ALLOCATED TO THE OTHER BELLWETHER CASES

The parties deposed AbbVie employees Jim Hynd, Michael Miller, Linda Scarazzini, and Steven Wojtanowski and general expert witnesses Drs. French, Khera, Ardehali, Kessler, and Pence in connection with all seven of the bellwether cases. The Court should therefore deny Plaintiff sixth-sevenths—$36,856.17—of the total $42,998.87 in available deposition costs that he seeks for these witnesses. *See* Rafferty Decl. Supp. Pl.'s Bill of Costs, Ex. A at 1–2.

Where, as here, "litigation costs are incurred in connection with more than one proceeding, the district court should allocate the costs" across all of the proceedings. *Winter* v.

---

[1] Of course, if the Court grants AbbVie's pending Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) or, Alternatively, for a New Trial or Remittitur Under Rule 59, then it should deny Plaintiff's bill of costs in its entirety as moot. *See, e.g.*, *LoggerHead Tools, LLC* v. *Sears Holding Corp.*, No. 12 C 9033, 2017 WL 6569629, at *17 (N.D. Ill. Dec. 22, 2017).

*Novartis Pharm. Corp.*, 739 F.3d 405, 411 (8th Cir. 2014); *see Ortho-McNeil Pharm., Inc.* v. *Mylan Labs. Inc.*, 569 F.3d 1353, 1358 (Fed. Cir. 2009) ("Because the district court here did not apportion costs between the two actions, we vacate the award of costs in this one respect and remand for further proceedings."); *Marmo* v. *Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006) (affirming district court's division of costs across all thirteen cases); *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 630 (2d Cir. 1982) (holding that plaintiffs who prevailed at trial were "entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs"); *Ill. Migrant Council* v. *Pilliod*, 672 F. Supp. 1072, 1085 (N.D. Ill. 1987) (reducing plaintiff's award of costs to account for depositions taken jointly with other case). Indeed, a failure to apportion costs in this way constitutes an abuse of the district court's discretion. *See Winter*, 739 F.3d at 412 (holding in a pharmaceutical multidistrict litigation that "[t]he district court abused its discretion in awarding the plaintiff full costs for litigation-wide depositions"); *Ortho-McNeil*, 569 F.3d at 1358 (vacating "the portion of the award of costs related to jointly taken depositions"); *Air Crash Disaster*, 687 F.2d at 629–30 (vacating district court's award of costs based on failure to "make a pro rata reduction" for plaintiffs who previously settled without costs). Consistent with this requirement, after prevailing in *Nolte*, AbbVie sought only one-seventh of the costs incurred for the depositions of general expert witnesses and did not seek costs for the depositions of company employees, and the Court awarded AbbVie costs on that basis. *See Nolte* ECF 125 at 4; *Nolte* ECF 129.

Multiple factors make clear that the parties deposed these company employees and general expert witnesses in connection with all seven bellwether cases. *First*, the captions on the deposition transcripts for these witnesses generally designate them as applicable to "all cases" or "all actions." Hynd Depo. at 1; Miller Depo. at 1; Scarazzini Depo. at 1; Wojtanowski Depo. at

1; French Depo. at 1; Khera Depo. at 1; Ardehali Depo. at 1; Kessler Depo. at 1, collectively attached hereto as Exhibit A; *see Camarillo* v. *Pabey*, No. 2:05-CV-455 PS, 2007 WL 3102144, at *3 (N.D. Ind. Oct. 22, 2007) (allocating deposition costs equally among all cases for which they were designated). *Second*, each of these witnesses also testified at trial in *Konrad*, and most of them testified at trial in the *Nolte* and *Myers* cases where AbbVie prevailed. *See Konrad II* Tr. 277:14, 689:9–10, 696:2, 1005:19, 1300:11, 2164:12, 2353:8, 2511:12, 2833:9, attached hereto as Exhibit B; *Nolte* Tr. 273:19, 686:4, 1459:24, 1697:3, 2098:14, 2243:20, attached hereto as Exhibit C; *Myers* Tr. 212:13, 926:17–18, 1166:7, 1309:4–6, attached hereto as Exhibit D. *Third*, the plaintiff in *Konrad* sought virtually the same maximum available deposition costs for these witnesses, further illustrating that the plaintiffs incurred these costs in connection with all of the bellwether cases. *See Konrad* ECF 120–2, Ex. A to Buchanan Decl. – Summ. of Costs at 1–2 & n.*, attached hereto as Exhibit E.

Under these circumstances, awarding Plaintiff the full deposition costs for these witnesses would grant him a windfall in two ways. *First*, such an award would impermissibly allow Plaintiff to recover costs for cases in which AbbVie—not the plaintiff—prevailed or may ultimately prevail, as AbbVie did in both *Nolte* and *Myers*. Plaintiff cannot tax the portion of costs incurred for such actual or potential losing parties. *See Sommerfield* v. *City of Chi.*, No. 06 C 3132, 2017 WL 3675722, at *7 (N.D. Ill. Aug. 25, 2017) ("The losing party cannot tax costs."); *Montanez* v. *Chi. Police Officers Fico (Star No. 6284), Simon (Star No. 16497)*, 931 F. Supp. 2d 869, 889–90 (N.D. Ill. 2013) (denying costs to prevailing defendant because other defendant did not prevail), *aff'd sub nom. Montanez* v. *Simon*, 755 F.3d 547 (7th Cir. 2014); *Cronshaw* v. *Philips Med. Sys., Inc.*, No. 94 C 1446, 1995 WL 22877, at *3 (N.D. Ill. Jan. 13, 1995) ("As [plaintiff] did not prevail on any contested issue in the litigation, he is not a

3

prevailing party and is therefore not entitled to costs."). *Second*, Plaintiff has no right to recover for the portion of the deposition costs incurred on behalf of the other bellwether plaintiffs: "To award to one plaintiff costs incurred on behalf of another runs counter to the cost-taxing provisions of the Federal Rules of Civil Procedure and of the U.S. Code, which are designed to reimburse a party for specified expenses incurred in successfully litigating a claim, not to punish the unsuccessful party or to award a bonanza to the winner." *Air Crash Disaster*, 687 F.2d at 629–30; *see also Marmo*, 457 F.3d at 764 ("The plaintiffs in each of these cases have incurred costs, and the district court may not award [one plaintiff] costs for expenses that other plaintiffs incurred."); *Ill. Migrant Council*, 672 F. Supp. at 1085 (declaring that "[c]osts are like any other claim—the amount sought must be sustained by the party seeking them"—and reducing plaintiffs' award of costs because they failed to carry their burden of untangling the costs of depositions taken jointly with other case). The Court should thus deny Plaintiff the $36,856.17 in requested deposition costs that are properly assigned to the other six bellwether cases.

## II. THE COURT SHOULD DENY PLAINTIFF COSTS FOR DR. KESSLER WHOSE TESTIMONY RELATED TO A CLAIM THAT THE JURY REJECTED

The Court should also prohibit Plaintiff from recovering costs unrelated to the negligence claim on which he prevailed. *See* Fed. R. Civ. P. 54(d)(1) (only allowing recovery of costs by "the prevailing party"); *A. Kush & Assocs., Ltd.* v. *Am. States Ins. Co.*, No. 85 C 493, 1991 WL 101631, at *3 (N.D. Ill. May 31, 1991) (declaring that party was "not entitled to all of its costs" because it "did not prevail on all claims" and reducing requested costs to account for the losing claim); *Horizon Hobby, Inc.* v. *Ripmax Ltd.*, No. 07-CV-2133, 2009 WL 3381163, at *4 (C.D. Ill. Oct. 15, 2009) (holding that defendant "should not be required to pay for depositions solely related to a claim on which [plaintiff] did not prevail"), *aff'd*, 397 F. App'x 627 (Fed. Cir. 2010). In particular, the Court should deny the deposition costs and witness fees that Plaintiff seeks for

4

his marketing expert, Dr. Kessler, because Dr. Kessler's testimony focused on Plaintiff's fraudulent misrepresentation claim, and the jury specifically rejected that claim. *Mitchell* ECF 185; *see, e.g.*, *Mitchell II* Tr. 760:9–762:1, 797:20–798:20 (Dr. Kessler opining that AbbVie falsely or misleadingly marketed AndroGel off label), attached hereto as Exhibit F. Therefore, after apportioning just one-seventh of Dr. Kessler's deposition costs to this case, the Court should deny another $1,960.41 in deposition costs and witness fees beyond the $36,856.17 in deposition costs that properly relate to other bellwether cases.

## CONCLUSION

For the foregoing reasons, the Court should deny $38,816.58 of Plaintiff's requested costs.

Dated: May 30, 2018

By: /s/ *David M. Bernick*
    David M. Bernick
    Paul, Weiss, Rifkind, Wharton & Garrison LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Tel: (212) 373-3000
    dbernick@paulweiss.com

    ***Counsel for AbbVie Inc.***

## **CERTIFICATE OF SERVICE**

  I, David Bernick, hereby certify that on May 30, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                 */s/ David Bernick*
                 David Bernick